FILED
United States Court of Appeals
Tenth Circuit

December 6, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

SAMUEL BARAJAS,

     Defendant - Appellant.

No. 16-3036
(D.C. Nos. 2:14-CV-02475-JWL and
2:10-CR-20077-JWL-2)
(D. Kan.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
_____

Before **HARTZ**, **MURPHY**, and **PHILLIPS**, Circuit Judges.
_____

Defendant Samuel Barajas seeks a certificate of appealability (COA) to appeal the

denial of his motion under 28 U.S.C. § 2255 to set aside his conviction and the denial of

his motion for reconsideration. *See* 28 U.S.C. § 2253(c)(1)(B) (requiring a COA to

appeal a denial of relief under § 2255). We deny a COA. No reasonable jurist could

have ruled in his favor.

## I.    BACKGROUND

Defendant was convicted and sentenced to life on drug charges. The conviction

was affirmed on appeal. He then filed in district court a § 2255 motion for relief from his

conviction, contending—among other things—that his pretrial counsel, trial counsel, and

appellate counsel provided ineffective assistance. The district court entered an order

dismissing some of the claims on the pleadings. It appointed counsel for Defendant, held

an evidentiary hearing, and dismissed the remaining claims. Defendant then filed a motion for reconsideration contending that his attorney for the evidentiary hearing provided ineffective assistance. The district court denied the motion.

Counsel on appeal has filed an *Anders* Brief, and Defendant has filed a response. *See Anders v. California*, 386 U.S. 738, 744 (1967). Under *Anders* if an attorney examines a case and determines that an appeal desired by his client would be "wholly frivolous," counsel may "so advise the court and request permission to withdraw." *Id.* Counsel must submit a brief to both the appellate court and the client, pointing to anything in the record that could potentially present an appealable issue. *See id.* The client may then choose to offer argument to the court. *See id.* If, upon close examination of the record, the court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal. *See id.*

## II.    DISCUSSION

We grant a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard requires the defendant to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Put differently, the defendant must show that the district court's resolution of the constitutional claim was either "debatable or wrong." *Id.*

We have carefully reviewed Defendant's claims and determined that they are undebatably meritless. All his claims that he would have accepted a plea bargain (even one offered before the evidentiary hearing in the § 2255 proceedings) and pleaded guilty if not for ineffective assistance of counsel are untenable in light of the district court's factual finding that Defendant has consistently and adamantly asserted his innocence and refused any possible plea agreement. *See* Dist. Ct. Mem. & Order, Feb. 4, 2016 at 12–18, R. Vol. 1 at 872–878; Mem. & Order, May 8, 2016 at 2–4, R. Vol. 1 at 826–828. And we agree with the analysis in the district court's opinions and the *Anders* brief showing that Defendant's other claims are totally without merit. No reasonable jurist could debate the propriety of denying relief to Defendant.

## III.    CONCLUSION

We **DENY** a COA, **DISMISS** the appeal, and **GRANT** counsel's motion to withdraw.

Entered for the Court

Harris L Hartz
Circuit Judge

3